IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MDL 875 |
| LIABILITY LITIGATION (NO. VI) | : | |
| | | |
| This decision relates to: | | |
| MICHAEL MCCURDY | : | EDPA CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN CRANE-HOUDAILLE, et al. | : | NO. 08-76815 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                                November 4, 2010

On September 22, 2010, Defendant R.E. Michel ("REM") filed a Notice of Stay in the above captioned asbestos case based on a Notice of Rehabilitation filed by its insurer, Atlantic Mutual Insurance Company. See Doc. 196. The Order entered by the Honorable Eileen Rakower on behalf of the New York Supreme Court specifically states:

> All parties to actions, lawsuits or special or other proceedings
> ("Litigation") in which Atlantic Mutual is obligated to defend
> a party pursuant to an insurance policy, bond, contract or
> otherwise are enjoined and restrained from prosecuting,
> advancing or otherwise taking any action within such
> Litigation, including but not limited to trials, hearings,
> conferences or other court proceedings, applications or other
> requests to the court of any nature, proceedings on defaults,
> settlements or judgments, service of documents, motions,
> discovery or any other litigation tasks or procedures for a
> period of 180 days from the date of entry of this Order.

See Order of Rehabilitation of Atlantic Mutual Insurance Company, Doc. 196, Exh. 1.

The Order of Rehabilitation was filed on September 16, 2010.

On October 18, 2010, Plaintiff filed a Motion for Temporary Relief from Stay for Limited Purpose of Continuing Discovery.  See Doc. 204.  Plaintiff does not challenge the enforceability of the Order of Rehabilitation, nor does it dispute that Atlantic Mutual is REM's primary insurance carrier.  Rather, citing no relevant caselaw, Plaintiff asks this court to lift the stay imposed by the New York Supreme Court to allow Plaintiff to obtain responses to outstanding discovery requests in direct violation of the New York state court order.  With the permission of the New York court, REM's counsel has responded to the motion, arguing that this court should exercise comity and judicial restraint to allow New York to complete its proceedings under the Uniform Insurers Liquidation Act ("UILA").  See Doc. 226.

UILA "provides for a uniform, orderly and equitable method of making and processing claims against defunct insurers and provides for a fair procedure to distribute the assets of defunct insurers."  Ballesteros v. New Jersey Property Liab. Ins. Guar. Ass'n, 530 F.Supp. 1367 (D.N.J.), aff'd, 696 F.2d 980 (3d Cir. 1982).  UILA has been adopted by both New York, where Atlantic Mutual's rehabilitation action is pending, and Maryland, the forum for this asbestos litigation, see N.Y. Ins. Law § 7401 et seq., Md. Code Ann., Insurance Article, § 9-202 et seq.  States which have adopted UILA recognize "that the orderly liquidation and distribution of assets of an insolvent insurance company requires centralized management of the delinquency proceeding in one state." Superintendent of Ins. of the State of New York v. Int'l Equip. Leasing, Inc., 588 A.2d

883, 885-86 (N.J. Super. Ct. App. Div. 1991). REM has cited numerous cases in which one state court deferred to the insurer's forum state court when the insurer was going through rehabilitation or insolvency. See, e.g., Integrity Ins. Co. v. Martin, 769 P.2d 69, 70 (Nev. 1989) (vacating summary judgment based on violation of New Jersey court's injunction); Int'l Equip. Leasing, 588 A.2d at 886 (UILA required claims against an insolvent New York insurer be brought in New York).

Although the Third Circuit has not had the opportunity to determine whether a federal court sitting in diversity should respect the state court's determination regarding the forum of litigation against an insolvent insurer, see Lac D'Amiante du Quebec v. American Home Assurance Co., 864 F.2d 1033, 1049 n.20 (3d Cir. 1988), the principles of comity and stability underlying UILA favor such respect. See Aly v. E.S. Sutton Realty, 822 A.2d 615, 619-21 (N.J. Super 2003).

The fact that the stay impacts REM's insurer and not REM does not change the result. In Aly, the New Jersey Superior Court was faced with a series of Orders issued by the Commonwealth Court in Pennsylvania, staying all proceedings against Legion Insurance Company and its insureds. After balancing the interests of all the parties involved in the rehabilitation/liquidation of Legion and those involved in the hundreds of cases pending in the court, the New Jersey Superior Court concluded that "principles of comity compel us to conclude that absolute deference to the rehabilitation stay order for a time adequate to serve the needs of the rehabilitation is ordinarily mandated." 822 A.2d

at 622. The court went on to hold that the court should also honor extensions of the stay except when there has been a demonstration of individual hardship. Id. at 624.

Here, the initial Order of Rehabilitation included a 180 day stay, beginning on September 16, 2010. The only hardship alleged by Plaintiff is an inability to complete discovery that should have been completed on June 18, 2010, see Doc. 57, nearly three months prior to imposition of the stay. I find no reason to deviate from the interests of comity and will deny Plaintiff's Motion for Relief from the Stay.

An appropriate Order follows.